IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EARNESTINE BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-cv-2444-SHL-tmp |
| | ) | |
| CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR JURY TRIAL AND DENYING DEFENDANT'S MOTION TO STRIKE**

Before the court are plaintiff Earnestine Butler's Motion for a Jury Trial, filed on October 29, 2024, and defendant City of Memphis's ("the City") Motion to Strike Jury Demand, filed on November 1, 2024. (ECF Nos. 18, 20.) The parties appeared for a scheduling conference on October 24, 2024, at which they acknowledged that a jury demand had not been made. (ECF No. 17.) A non-jury trial was then set for November 7, 2025, before District Judge Lipman. (ECF No. 16.) Four days later, Butler filed the instant motion, titling the document "Motion for a Jury Trial" without further argument or presentation of law or facts. (ECF No. 18.) The City subsequently filed its motion to strike, arguing that Butler's jury demand is untimely under Federal Rule of Civil Procedure 38. (ECF No. 20 at PageID 51.) The City asserts that because Butler filed her demand 60 days after the filing of

defendant's answer, rather than the 14-day timeline proscribed by Rule 38, she has waived her right to a trial by jury. (ECF No. 20-1 at PageID 54); see also Orlowski v. TRW, Inc., 765 F. Supp. 1277, 1278 (E.D. Mich. 1991) (finding that defendant's answer to the complaint constituted the "last pleading directed to a triable issue" under Rule 38).

Although defendant's Rule 38 argument is well taken, the City fails to address that the court nonetheless has "broad discretion" to grant a jury trial under Federal Rule of Civil Procedure 39. Barron v. Bankers Life & Cas. Co., 288 F.R.D. 187, 191 (W.D. Tenn. 2012) (citing Fed. R. Civ. P. 39 and Kitchen v. Chippewa Valley Schs., 825 F.2d 1004, 1013 (6th Cir. 1987)). "Rule 39(b) . . . provides that a district court in its discretion and upon motion may order a jury trial as to any issue even if the motion is late." Kitchen, 825 F.2d at 1012-13. "Although courts have employed various factors in exercising the discretion granted to them under Rule 39(b), the Sixth Circuit has found that a 'failure [by the party opposing trial by jury] to show discernable prejudice' is alone sufficient to justify granting a late demand for a jury trial in an exercise of Rule 39(b) discretion." Barron, 288 F.R.D. at 191 (quoting Kitchen, 825 F.3d at 1013).

Here, the City has not shown discernable prejudice that would justify denial of Butler's jury trial demand. The court also notes that Butler is held to a less stringent standard as a *pro se*

litigant, and her demand, while late, was made in an early stage of litigation just days after the parties' scheduling conference. See Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted) (writing that pleadings by *pro se* plaintiffs are held to less stringent standards than pleadings drafted by lawyers). For these reasons, Butler's motion for a jury trial is GRANTED, and the City of Memphis's motion to strike is DENIED.

    IT IS SO ORDERED.

                            s/ Tu M. Pham  
                            TU M. PHAM  
                            Chief United States Magistrate Judge

                            November 4, 2024  
                            Date